# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 15-01352 – ESL12 |
| HECTOR GRIMALDI RIVERA LAUREANO | CHAPTER 12 |
| Debtor | |
| FONDO DE INNOVACION PARA EL DESARROLLO AGRICOLA DE PUERTO RICO, INC. | ADVERSARY NO. 22-00086-ESL |
| Plaintiff | |
| HECTOR GRIMALDI RIVERA LAUREANO GRANJA DON MANUEL TOLITO, INC. | |
| Defendant | |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

**COMES NOW**, Fondo de Innovación para el Desarrollo Agrícola de Puerto Rico, Inc. (FIDA), through its undersigned attorney, and very respectfully states, alleges and prays:

1. On January 30, 2023, the Honorable Court ordered the Entry of Default as to: Hector Grimaldi Rivera Laureano and Granja Don Manuel Tolito, Inc. See: Federal Rule of Bankruptcy Procedure 7055.

2. Plaintiff hereby requests the Honorable Court to order the entry of Default Judgment. See: Rule 7055 of the Federal Rules of Bankruptcy Procedure and Rule 55 of the Federal Rules of Civil Procedure.

3. Upon entry of default the defendants are deemed to have admitted all well-pleaded allegations of the complaint. See: *VLM Food Trading Int'l, Inc., v. Illinois Trading Co.*, 811 F. 3d, 247, 255 (7th Cir. 2016).

4. As a result of the above, plaintiff requests the Honorable Court to consider as admitted all well-pleaded allegations of the complaint, and specifically the following:

   a. This court holds jurisdiction over this adversary proceeding pursuant 28 USC §157(b)(2)I), 28 USC §157(b)(2)(J), Rule 7001(6) and 4007(b) of the Bankruptcy Federal and 11 USC § 501.

   b. The debtor filed a Chapter 12 voluntary Petition on February 26th, 2015.

   c. Such voluntary Petition was filed by Debtor Hector Grimaldi Laureano and "Doing Business As" (DBA) Granja Don Manuel Tolito, Inc.

   d. Debtor failed to list Fondo de Innovación para el Desarrollo Agrícola de Puerto Rico (FIDA), as a secured creditor.

   e. On March 6th, 2008, FIDA granted debtor Granja Don Manuel Tolito, Inc. an Investment Contract Loan for the amount of $220,000.00, equivalent to 220,000 class A shares. Debtor agreed to pay a fixed interest per contract. Refer to Exhibit 1 of the Complaint (docket 1).

   f. Such debt was secured with a UCC Financing Statement filed in the Department of State of Puerto Rico, valid and current at the moment of filing the Bankruptcy voluntary Petition. Refer to Exhibit 2 of the Complaint (docket 1).

   g. Even though debtor knew he had a secured debt with FIDA, FIDA was never notified of the Bankruptcy as required on Rule 2002 of Federal Rule of Bankruptcy Procedure. Refer to Exhibit 3 of the Complaint (docket 1).

h.  Debtor failed to pay FIDA the agreed monthly amount, and the debt accrued a fix interest rate, as agreed on the Investment Contract Loan.

i.  On June 3rd, 2021, FIDA sent a certified mail to debtor, where he was informed, he owed $500,366.01, for failure to comply with the agreement between the parties in the Investment Contract Loan. Said amount includes fix interest, attorney compensation and litigation costs as stablished in said Loan Contract. Refer to Exhibit 4 of the Complaint (docket 1).

j.  Debtor disregarded FIDA's communication. However, after an investigation, FIDA learned that debtor was discharged for all debts on May 4th, 2021. (Doc 73, of the Chapter 12 Bankruptcy Case 15-01352).

k.  Debtor filed the Petition without listing FIDA as a creditor. However, after reviewing the Docket of the Bankruptcy case, FIDA learned that on Chapter 12 Amended Plan, (Doc 27 of the Chapter 12 Bankruptcy Case 15-01352), debtor did mention to have a debt with FIDA.

l.  As stated on the Amended Plan, debtor intended for FIDA that, without knowing about the bankruptcy case, would present a proof of claim and evidence of the perfection a lien, as a condition to being included in the plan. See the treatment of class 4 in Amended Chapter 12 Plan dated September 29th, 2015 (Doc 27 of the Chapter 12 Bankruptcy Case 15-01352).

m. FIDA never appeared as creditor nor had the chance to file a proof claim for the amount owed, because it was never properly notified according to Rule 2002 of Federal Rule of Bankruptcy Procedure.

n. FIDA never received any money from the debtor, or the standing Trustee appointed to the Chapter 12 case.

o. FIDA tried, on multiple occasions, to contact debtor's attorney on record without any luck. However, around October 2021, debtor's attorney said in a phone call, that he would be reopening the case to amend the Chapter 12 Plan, but that never happened.

p. FIDA was never notified of the Bankruptcy case, therefore, the secured creditor never had the opportunity to file a Proof of Claim. Action that violated FIDA's Due Process Warranty, as recognized and protected by Puerto Rico's Constitution as well as US Federal Constitution.

q. FIDA's claims was not discharged with the Discharge Order granted on May 4th, 2021, (Doc 73 of the Chapter 12 Bankruptcy Case 15-01352), due to the lack of notification of the Bankruptcy case filing.

Applicable Law:

5. Section 521 of the Bankruptcy Code, establishes the debtor's duties. The first one in the list is to "file a list of creditors" in order for Courts Clerk to notify every creditor of the bankruptcy case. ["The purpose of requiring a debtor to list creditors with their proper mailing addresses is to afford those creditors basic due process notice." *In re Glenwood Med. Grp., Ltd.*, 211 B.R. 282, 285 (Bankr. N.D. Ill. 1997)].

6. Section 523(a) states that:

(a)A discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
(1)…
(2)…
(3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request (11 USC Sec 523 (a) (3));

7. In the Bankruptcy Case: 15-01352 (ESL 12), FIDA has a secured debt with a UCC Financing Statement filed in the Department of State of Puerto Rico, which was valid and current at the moment of the filing of the Bankruptcy Voluntary Petition.

8. Debtor's failure to list FIDA as a secured creditor had the effect of FIDA not been notified of the voluntary Bankruptcy Petition. As consecuence FIDA was not permitted to timely file a Proof of Claim (See: Secton 501 of the Bankruptcy Code) for the bankruptcy case: 15-01352. [Plaintiff respectfully requests the Honorable Court to take judicial knowledge of this matter. See docket of bankruptcy case 15-01352].

9. Since FIDA was never notified of the Bankruptcy case, it never had the opportunity to file a Proof of Claim, which in turn violated FIDA's Due Process, as recognized and protected by Puerto Rico's Constitution and the United States Federal Constitution.

10. This considered, we must conclude that in accordance to Section 523(a), 11 u.s. code sec. 523, FIDA's claim was not discharged with the bankruptcy Discharge Order (Doc 73 of the Chapter 12 Bankruptcy Case 15-01352).

11. In compliance with PR Local Bankruptcy Rule 9013-1, attached is the SCRA affidavit. Exhibit 1

WHEREFORE, it is respectfully requested that this Honorable Court takes notice of the above said and enters the default judgment on the defendants concluidng that FIDA's claim was not discharged with the Discharge Order granted on May 4th 2021 (Doc 73 of the Chapter 12 Bankruptcy Case 15-01352).

Respectfully submitted.

In San Juan P.R. this 21st day of February 2023.

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I HEREBY CERTIFY, that on this date copy of this motion has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants and by regular mail to: Granja Don Manuel Tolito, Inc., HC5 Box 31561, Hatillo, PR 00659; Hector G. Rivera Laureano, HC5 Box 31561, Hatillo, PR 00659.

**AFFIDAVIT OF MILITARY SERVICE**

Pursuant to PR LBR 9013-1(c)(4) regarding the Debtor's/Defendant's military status, attached hereto is a copy of his Military Status Reports obtained from the Servicemembers Civil Relief Act (SCRA) Website.

**s/Jorge L. González-Burgos**
Jorge L. González-Burgos
USDC-PR 223302
401 Calle del Recinto Sur
Suite 701
San Juan, PR 00901-1908
Tel.(787) 405-8864
E-mail: jtglaw@gmail.com